IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02085-BNB

RANDAL ANKENEY,

    Plaintiff,

v.

ARISTEDES ZAVARAS, E.D. of C.D.O.C.,
STEVE HARTLEY, Warden of Fremont,
TIM CREANY, Fremont Doctor,
NURSE PRACTITIONER KLENKE, N.P.,
NURSE PRACTITIONER HIBBS, N.P.,
ANTHONY A. DECESARO, Grievance Officer, and
JOHN DOE, Grievance Officer,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 05 2009

GREGORY C. LANGHAM
CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff, Randal Ankeney, is in the custody of the Colorado Department of Corrections and is currently incarcerated at the Fremont Correctional Facility. He initiated this action by submitting a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343, which was filed on September 1, 2009. Magistrate Judge Boyd N. Boland reviewed the Complaint and entered an order on September 18, 2009, in which he determined that Plaintiff had failed to assert personal participation by named Defendants and instructed Plaintiff to file an Amended Complaint. Plaintiff filed an Amended Complaint on September 29, 2009.

The Court must construe the Amended Complaint liberally because Mr. Ankeney is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Mr. Ankeney sets forth one claim in the Amended Complaint. Mr. Ankeney alleges that, in 2008, he re-injured a chronic injury to his knee when he slipped in standing water in his cell. He asserts that his knee is extremely swollen, causes him constant pain, and limits his ability to walk and sleep. He asserts that all named Defendants have been deliberately indifferent to his serious medical needs, and have refused to provide more than cursory examination and treatment for his knee. Plaintiff seeks injunctive relief and money damages.

With respect to Defendants Steve Hartley, Tim Creany, Nurse Practitioner Klenke, Nurse Practitioner Hibbs, Anthony A. DeCesaro and John Doe, the case will be drawn to a district judge and to a magistrate judge.

As for Defendant Aristedes Zavaras, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and a defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable based on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Supervisor liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation. *See Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).

Mr. Ankeney asserts that because of his supervisory position Defendant Zavaras is liable for the alleged acts of his employees. Nonetheless, Mr. Ankeney fails to assert that Defendant Zavaras caused the deprivation of his federal constitutional rights. Defendant Zavaras, therefore, will be dismissed as a party to this action for lack of personal participation. Accordingly, it is

ORDERED that the Complaint and action, as asserted against Steve Hartley, Tim Creany, Nurse Practitioner Klenke, Nurse Practitioner Hibbs, Anthony A. DeCesaro and John Doe, shall be drawn to a district judge and a magistrate judge. It is

FURTHER ORDERED that Defendant Aristedes Zavaras is dismissed from the action, and the Clerk of the Court is instructed to remove him as a named party to the suit.

DATED at Denver, Colorado, this 4th day of Nov., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02085-BNB

Randal Ankeney
Prisoner No. 116116
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/5/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk