IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-02085-CMA-MJW

RANDAL ANKENEY,

    Plaintiff,

v.

STEVE HARTLEY, Warden of Fremont,
TIM CREANY, Tim Creany, Fremont Doctor,
NURSE PRACTITIONER KLENKE, N.P.,
NURSE PRACTITIONER HIBBS, N.P.,
ANTHONY A. DECESARO, Grievance Officer, and
JOHN DOE, Grievance Officer,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING MARCH 29, 2010 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the March 29, 2010 Recommendation by Magistrate Judge Watanabe (Doc. # 34) that Plaintiff's Motion for Preliminary Injunction (Doc. # 4) be denied and that Defendants' Motion to Dismiss (Doc. # 26) be denied in part and granted in part.

On April 15, 2010, Plaintiff filed an objection to this Recommendation (Doc. # 38). In light of the objection, the Court has conducted the requisite *de novo* review of the issues, the recommendations and Plaintiff's objections. The Court concludes that Magistrate Judge Watanabe's thorough and comprehensive analyses are correct and for the following reasons accepts and adopts his Recommendation.

## I. BACKGROUND

The facts are detailed in the Recommendation, which the Court incorporates herein. The Court will provide only a short recap of the basic facts. Those facts will be detailed, as needed, in the Court's analysis.

At all relevant times, Plaintiff was a prisoner incarcerated at Fremont Correctional Facility ("FCF") within the Colorado Department of Corrections ("CDOC"). He is suing Defendants, all of whom are state employees, under 42 U.S.C. § 1983, alleging they violated his rights under the Eighth Amendment by their deliberate indifference to his serious medical need, in particular, a left knee injury. (*See* Doc. # 10.) He filed a Motion for Preliminary Injunction in connection with his claims on August 18, 2009. (Doc. # 4). Defendants filed a Motion to Dismiss on January 19, 2010. (Doc. # 26.) All motions, including these two, were referred to Magistrate Judge Watanabe, who filed the at-issue Recommendation on March 29, 2010. (Doc. # 34.)

## II. STANDARD OF REVIEW

### A. REPORT AND RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress

intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings")).

**B.    *PRO SE* PLAINTIFF**

The Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court cannot act as advocate for a pro se litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

With these principles in mind, the Court turns to the at-issue motions, beginning with Plaintiff's Motion for Preliminary Injunction.

### III.   ANALYSIS

**A.    PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff requests two distinct injunctions. First, he requests an injunction "requiring an immediate MRI and an examination of [Plaintiff's] left knee by an Orthopedic surgeon, who specializes in knee surgeries, with the results disclosed to Plaintiff." (Doc. # 4, ¶ 5.) In support, he filed an affidavit by his brother, a medical doctor. Dr. Geoffrey Ankeney explains that the condition Plaintiff described to him "typically requires a referral to an Orthopedic surgeon . . . ." Dr. Ankeney, however, admits he never examined Plaintiff. (Doc. # 4 at 4.) Second, Plaintiff – fearing retaliation for filing this lawsuit – requests an injunction "preventing harassment or any relocation unless it is the result of acceptance to Community Corrections or parole." (*Id.*, ¶ 6.)

3

A preliminary injunction is extraordinary relief. *Statera, Inc. v. Henrickson*, No. 09-cv-01684, 2009 WL 2169235, *1 (D. Colo. July 17, 2009). It should be granted only when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. University Of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005). To make this showing, the moving party must establish that: (1) the party will suffer imminent and irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.* The first factor is the most important. The moving party must first demonstrate that injury is likely before the other requirements will be considered. *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).

Magistrate Judge Watanabe found that Plaintiff failed to meet this burden. As to the threat of irreparable harm, he found that "[t]he possibility of future retaliation and harassment and further harm to his knee is simply too speculative to justify granting plaintiff's request for injunctive relief." (Doc. # 34 at 16.)

Plaintiff objects to this finding. In a few short sentences, Plaintiff reasserts the same averments as in his motion: that he has alleged a serious medical need, that it is being ignored, and that irreparable harm will ensue if it is not treated. As to the request

4

regarding fear of retaliation, Plaintiff "does not argue that his request regarding possible retaliation is premature." (Doc. # 38 at 3.)

Plaintiff's objections are without merit. They present no new argument as to why the Court should deviate from Magistrate Judge Watanabe's Recommendation. In other jurisdictions this would bar *de novo* review. *See Manigaulte v. C.W. Post of Long Island University*, 659 F.Supp.2d 367, 372 (E. D. N. Y. 2009) ("when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.") (citations, quotation marks, and brackets omitted); *see also, e.g., Frazier v. Ortiz*, No. 07-cv-02131, 2010 WL 924254, * 5 (D. Colo. March 10, 2010).

Nevertheless, the Court conducted a *de novo* review and finds that the recommendation is correct. Plaintiff has not demonstrated that the threat to his knee and threat of harassment are such that in the absence of an injunction he will suffer irreparable harm. As Magistrate Judge Watanabe pointed out, Plaintiff's allegations of irreparable harm are simply too speculative. He has made no showing that such harm is "certain, great, actual, and not theoretical." *See Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).

Accordingly, the Court overrules Plaintiff's objection and adopts the recommendation to deny Plaintiff's motion for a preliminary injunction. The Court next considers Defendant's Motion to Dismiss. (Doc. # 26.)

**B.     DEFENDANTS' MOTION TO DISMISS**

When reviewing a motion to dismiss for failure to state a claim, a court "'accept[s] all the well-pleaded allegations of the complaint as true'" and "'construe[s] them in the light most favorable to the plaintiff.'"  *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).  The complaint will not be dismissed so long as it "contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

Defendants assert the following grounds for dismissal: (1) Defendants, in their official capacities, are entitled to Eleventh Amendment Immunity; (2) Plaintiff has failed to state a cognizable Eighth Amendment claim upon which relief can be granted; (3) Plaintiff has failed to allege facts showing personal participation in alleged constitutional violations by Defendants Hartley and DeCesaro; and (4) Defendants are entitled to qualified immunity in their individual capacities.  (*See* Doc. # 26.)  Magistrate Judge Watanabe made several recommendations with respect to these grounds, which the Court will discuss in connection with Plaintiff's objections to each.

First, Magistrate Judge Watanabe recommended that Plaintiff's official-capacity claims for damages be dismissed with prejudice.  Plaintiff did not object to this finding.

6

The Court agrees with Magistrate Judge Watanabe's analysis regarding the official-capacity claims and thus adopts his recommendation as an Order of the Court.

Second, he recommended the Court dismiss Plaintiff's claim that Defendants Creany, Klenke, and Hibbs are liable for failing to send Plaintiff to a specialist and to have an MRI performed. Magistrate Judge Watanabe found this failed to state a cognizable Eighth Amendment claim. In making this determination, Magistrate Judge Watanabe first assumed, without deciding, that Plaintiff's knee condition was sufficiently serious to satisfy the objective prong in an Eighth Amendment claim. *See Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) ("'Deliberate indifference' involves both an objective and a subjective component.") He then found, however, that Plaintiff failed to satisfy the subjective prong. That is, Plaintiff failed to allege facts showing that these Defendants were deliberately indifferent to his knee injury by not ordering an MRI or other exam and by not referring Plaintiff to a specialist.

Plaintiff objects to this recommendation. He argues that Magistrate Judge Watanabe ignored Plaintiff's allegations that Defendants knew of and disregarded Plaintiff's serious medical need as part of a plan or scheme to save money. Plaintiff, however, cannot cite any facts plausibly showing an Eighth Amendment violation in this context. This is so because "[a] medical decision not to order an X-ray, **or like measures**, does not represent cruel and unusual punishment. At most it is medical malpractice and as such the proper forum is the state court . . . ." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (emphasis added)). Indeed, Plaintiff's complaint reflects nothing more than a disagreement with diagnosis, *i.e.*, Defendants did not order the

treatment Plaintiff feels he needs. A medical difference of opinion, however, is not actionable under the Eighth Amendment. *Fitzgerald v. Corrections Corp. of Am.*, 403 F.3d 1134, 1142 (10th Cir. 2005). Accordingly, Defendants' refusal to provide a particular course of treatment preferred by Plaintiff does not constitute deliberate indifference. *See Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999) ("a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation"). Thus, the Court adopts the recommendation regarding Defendants' failure to order an MRI or otherwise prescribe a specific course of treatment.

Third, in contrast to the previous recommendation, Magistrate Judge Watanabe also recommended that Defendants' motion to dismiss be denied as to Plaintiff's claim that these same Defendants — Creany, Klenke, and Hibbs – eventually refused to see or examine Plaintiff despite his worsening condition. (Doc. # 34 at 8.) This, he found, adequately stated an Eighth Amendment claim; thus, he recommended the Court reject Defendants' assertion of qualified immunity at this time. (*Id.* at 12-14.) Defendants did not object to this recommendation. (*See* Doc. # 39, ¶ 5.) Thus, *de novo* review was not preserved. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) Nevertheless, the Court performed a *de novo* review. It agrees with Magistrate Judge Watanabe's analysis and thus adopts his recommendation as an Order of the Court.

Finally, Magistrate Judge Watanabe recommended the motion be granted as to the claims against Defendants Hartley, DeCesaro, and John Doe for lack of personal participation. Plaintiff objects. (Doc. # 38 at 2.) His objections, however, are legal

8

conclusions in the guise of argument. For example, he avers that his "allegations are specific and sufficient to show personal involvement in violating [Plaintiff's] constitutional rights and to show an affirmative link between their conduct and the violation." (*Id.*) He also avers that these Defendants "created and/or participated in a plan or scheme to deny [his] rights in order to save money." These objections are similar to the allegations in his complaint. (*See* Doc. # 10, ¶¶ 10-12, 19-24.) Such allegations are insufficient to satisfy Rule 8's pleading standards.

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted); *see also, e.g., Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) ("Conclusory allegations are not enough to withstand a motion to dismiss.").

The Court, however, must liberally construe Plaintiff's pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In so doing, the Court finds that, as to Defendant DeCesaro, the only non-conclusory allegation is that DeCesaro was involved in denying Plaintiff's step 3 grievance. (Doc. # 10, ¶ 21.) However, "mere participation in the grievance process is an insufficient basis for asserting a violation of constitutional rights." *Walker v. Meyer*, 08-cv-01911, 2009 WL 961490, *4 (D. Colo. Apr. 7, 2009) (unpublished); *See Gallagher*, 587 F.3d at 1069 (denial of grievance by itself insufficient to establish personal participation under § 1983."). The same reasoning applies to John

Doe, whom Plaintiff alleges reviewed Plaintiff's medical file.  (Doc. # 10, ¶ 24.)  As to Defendant Hartley, the only non-conclusory allegation is that Hartley received a letter from Plaintiff regarding Plaintiff's medical concerns.  (Doc. # 10, ¶ 12.)  Such an allegation is also insufficient to support a claim of personal participation.  *Davis v. Arkansas Valley Correctional Facility*, 99 Fed. App'x. 838, 843 (10th Cir. 2004) (unpublished) (copying the defendant with correspondence outlining the plaintiff's complaints about medical care, without more, did not sufficiently implicate that defendant under § 1983).

Accordingly, the Court overrules Plaintiff's objection and adopts the Magistrate Judge's recommendation regarding these Defendants' lack of personal participation.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons:

- Plaintiff's Objections to the Recommendation of the Magistrate Judge (Doc. # 38) are OVERRULED.

- The March 29, 2010 Recommendation of Magistrate Judge Watanabe (Doc # 34) is ACCEPTED AND ADOPTED as an Order of this Court;

Thus:

- The Court DENIES Plaintiff's Motion for Preliminary Injunction (Doc # 4).

- The Court GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss (Doc. # 26). In particular,

    - It is GRANTED in that the claims against Defendants Hartley, DeCesaro, and John Doe are dismissed with prejudice for lack of personal participation and Plaintiff's Eighth Amendment claim concerning the failure to send him to a specialist and to have an MRI performed is also dismissed with prejudice for failure to state a claim.

    - It is DENIED with respect to Plaintiff's Eighth Amendment claim that his condition continued and worsened, but Defendants Dr. Creany, Nurse Practitioner Klenke, and Nurse Practitioner Hibbs were deliberately indifferent by refusing to even see or examine him.

DATED: May  19 , 2010

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge