IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02085-CMA-MJW

RANDAL ANKENEY,

Plaintiff,

v.

DR. TIM CREANY,
NURSE PRACTITIONER KLENKE, and
NURSE PRACTITIONER HIBBS,

Defendant.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that the plaintiff's Motion to Compel Discovery, for Court-Appointed Expert, and For Extension of Time to Designate Plaintiff's Experts **(Docket No. 53)** is **granted in part and denied in part**.

The motion is granted to the extent that the plaintiff shall have a brief extension of time to designate his experts, up to and including September 30, 2010.

In all other respects, the motion is denied, substantially for the reasons stated in the defendants' response (Docket No. 59). The type of insurance agreements sought by plaintiff do not fall within the scope of Fed. R. Civ. P. 26(a)(1)(A)(iv) (requiring disclosure "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."). In addition, defendants have provided plaintiff with both a hard copy and an electronic copy of his medical file, which included any existing x-ray reports, and such file is also available to plaintiff for his inspection. Defendants need not provide plaintiff personally with a copy of his x-rays. As explained by the defendants, such films are not part of an offender's medical records and are separate from his medical file. Moreover, such films are contraband for prisoners. Defendants have explained how plaintiff can proceed to have copies made at his expense to be sent to an outside person. In addition, as correctly noted by the defendants, the only Eighth Amendment claim remaining concerns plaintiff's claim that his condition worsened, yet defendants Creany, Klenk, and Hibbs eventually refused to even see or examine him. (See Docket Nos. 34 at 8, 41 at 8). Therefore, the names plaintiff cites which he gleaned from a review of the documents provided by defendants would not have discoverable

information regarding the remaining issue.  Finally, this court will not appoint an expert.  There is no authority to appoint and pay an expert to assist an indigent litigant in the preparation of a civil suit for damages.  To the extent plaintiff is seeking appointment of an expert under Fed. R. Evid. 706, a court's authority to make such an appointment is discretionary.  Such an appointment is not intended to further partisan interests of any party but to aid the court in its assessment of technical issues.  Harper v. Urbano, 2010 WL 1413107 (D. Colo. Apr. 1, 2010).  Here, noting the limited claim remaining, this court finds that this case does not involve an overly complex or technical issue such that an expert is needed to aid the court.

It is further **ORDERED** that in the future, plaintiff shall not make multiple motions in one document as he did in Docket No. 53, otherwise the motion will be stricken.

It is further **ORDERED** that the plaintiff's Motion to Compel Discovery, Interrogatories, and Requests for Admissions **(Docket No. 55)** is **denied**.  Pursuant to the Scheduling Order issued by this court (Docket No. 51 at 8), there is a limit of 25 interrogatories and 25 requests for admission **per side**, not per party.  Those limitations remain set.  Plaintiff's interrogatories and requests for admission to defendants exceeded those limitations.  Therefore, it was not improper for defense counsel to request a replacement set of interrogatories and request for admissions that identifies to which defendant plaintiff was directing each interrogatory or request and which complies with the court's limits set forth in the Scheduling Order.

Date: September 1, 2010