IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02085-CMA-MJW

RANDAL ANKENEY,

Plaintiff,

v.

DR. TIM CREANY,
NURSE PRACTITIONER KLENKE, and
NURSE PRACTITIONER HIBBS,

Defendant.

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

  In a Motion to Issue Subpoenas (Docket No. 64), filed on November 19, 2010, the pro se incarcerated plaintiff asks that subpoenas he has submitted, or other substituted subpoenas to be prepared by the clerk, be issued compelling the three defendants and Dr. Paula Franz to attend depositions plaintiff has noticed for November 29 and 30.  In addition, plaintiff requests that such subpoenas be served upon the three defendants and Dr. Franz because plaintiff is pro se, incarcerated, and proceeding *in forma pauperis*.  Plaintiff advises that Dr. Franz has been designated as a non-retained expert by the defendants.

  It is hereby **ORDERED** that the Plaintiff's Motion to Issue Subpoenas **(Docket No. 64)** is **denied**.  A subpoena is not necessary to take the deposition of a party.  Plaintiff need only provide notification to defense counsel of the time and date of the depositions and a list of documents that plaintiff desires the party to produce at the deposition.  Hazelwood v. Webb, 2007 WL 2815583 (W.D.KY. Sept. 26, 2007).  As for the subpoena of Dr. Franz, plaintiff has not tendered any witness and mileage fees or any costs of service by the Marshal.  There is no provision for the government to pay or advance these fees even when someone is proceeding *in forma pauperis*.  See Fed. R. Civ. P. 45,  28 U.S.C. § 1915, Hooper v. Tulsa County Sheriff Department, 113 F.3d 1246 (table), 1997 WL 295424, *2 (10th Cir. 1997) ("Every circuit considering this issue has held that § 1915(a)'s waiver of prepayment of 'fees or costs'[1] does not

---

[1] The statute now provides only for exemption from prepayment of "fees or security therefor."  28 U.S.C. § 1915(a)(1).

authorize the federal courts to waive or order payment of witness fees for a civil litigant proceeding *in forma pauperis*.") (citations omitted).  Furthermore,  "[a] civil litigant in a federal court action may subpoena documents from third parties, of course. To do so, however, the litigant must comply with the federal rules of civil procedure and with federal law."  <u>Hawkinson v. Montoya</u>, 2006 WL 1215397, *2 (D. Colo. May 4, 2006). The plaintiff "has no right to obtain documents through discovery free of charge, however, his status as an *in forma pauperis* litigant notwithstanding.  For example, in <u>Windsor v. Martindale</u>, 175 F.R.D. 665 (D. Colo. 1997), the court held that a state inmate bringing a federal court action *pro se* and *in forma pauperis* 'is not entitled to a copy of any document without payment of an appropriate copy cost, if required.'"  <u>Id.</u> Therefore, this court will not order the Clerk of the Court to issue a subpoena commanding the production of documents from a third party until the plaintiff provides proof that he has made arrangements for the payment of any costs associated with the preparation or copying of those documents or has obtained the agreement of the third party to waive the payment of those costs.  <u>See</u> <u>Mauchlin v. Bier</u>, 2009 WL 1384136, *2 (D. Colo. May 12, 2009); <u>Hawkinson v. Montoya</u>, 2006 WL 1215397, *2 (D. Colo. May 4, 2006).

<u>Date: November 24, 2010</u>