IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02085-WJM-MJW

RANDAL ANKENEY,

Plaintiff,

v.

DR. TIM CREANY,
NURSE PRACTITIONER KLENKE, and
NURSE PRACTITIONER HIBBS,

Defendants.

_____

MINUTE ORDER

_____

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that the plaintiff's Motion for Costs (Docket No. 88) is **denied** for the reasons stated below and substantially for the reasons stated in the defendants' Response (Docket No. 110).

Plaintiff seeks an award of costs of the depositions he had taken, which he claims were required to prove and/or obtain an admission to his requests for admission that had been denied or allegedly not fully answered.  Looking at the full and complete responses to plaintiff's discovery requests, however, rather than at merely plaintiff's statement of the request and the fact that they were denied, this court finds that plaintiff has not established that an award of costs are warranted pursuant to Fed. R. Civ. P. 37(c)(2).  For example, while Dr. Creany denied the request for admission no. 1 that "[a] serious diagnosis of torn tissue, meniscus, or ligaments in a knee of a patient constitutes a serious medical need that requires treatment," he went on in his response to also state that "Torn tissue, menisci or ligaments in a knee (internal knee injuries) do not necessarily constitute a serious medical need that requires treatment.  Further, if treatment is needed, it does not necessarily need to be surgical.  Many internal knee injuries do not cause serious problems and many can improve with conservative management.  Studies suggest that surgery for a knee problem does not necessarily lead to the best outcome."  This complete answer does not necessarily conflict with the doctor's purported admission at his deposition that torn tissue in a knee is a serious medical need that is treated regularly at Freemont Correctional Facility.

Furthermore, this court agrees with the defendants that the requests were not

related to the one remaining issue in this case and served no substantial importance. Rule 37(c)(2)(B) provides that the court must order payment of reasonable expenses unless "the admission sought was of no substantial importance."

Date:   June 30, 2011