IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 09-cv-02085-WJM-MJW

RANDAL ANKENEY,

 Plaintiff,

v.

ARISTEDES ZAVARAS, E.D. of C.D.O.C.,
STEVE HARTLEY, Warden of Fremont,
TIM CREANY Fremont Doctor,
NURSE PRACTITIONER KLENKE, N.P.,
NURES PRACTITIONER HIBBS, N.P.,
ANTHONY A. DECESARO, Grievance Officer, and
JOHN DOE, Grievance Officer,

 Defendants.

_____

**ORDER ADOPTING THE RECOMMENDATIONS OF THE
UNITED STATES MAGISTRATE JUDGE**
_____

  This matter is before the Court on the June 30, 2011 Recommendations by U.S. Magistrate Judge Michael J. Watanabe (ECF No. 134) (the "Recommendations") that: (1) Defendants' Motion for Summary Judgment on Doc. #10 (ECF No. 83) be granted; (2) Plaintiff's Motion for Summary Judgment (ECF No. 86) be denied; (3) Plaintiff's Motion for Leave to Amend Complaint (ECF No. 87) be denied; (4) Plaintiff's Motion for Injunctive Relief (ECF No. 100) be denied; and (5) Plaintiff's Motion for Reinstatement of Counts (ECF No. 104) be denied. Also before the Court is Plaintiff's November 29, 2011 Objections to Magistrate Judge Watanabe's November 4, 2011 and November 16, 2011 Orders (ECF Nos. 157 & 160) (the "Orders") denying Plaintiff's Motions to

Compel Discovery (ECF No. 164), and Plaintiff's Motion to Delay Ruling on the Magistrate Judge's Recommendations. (ECF No. 151.) The Recommendations and Orders are incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I.  BACKGROUND

### A.   Factual Background

The facts relevant to a resolution of the instant Motions and Objections are detailed in the Recommendations and Orders. Briefly, Plaintiff, a *pro se* incarcerated prisoner in the Colorado Department of Corrections ("CDOC"), brings claims pursuant to 42 U.S.C. § 1983 alleging that he has been denied care for his injured left knee. (Am. Comp. (ECF No. 10.)) He claims that chronic pain in his left knee interferes with normal functions, makes it difficult to sleep, and limits his mobility. (*Id.*)

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical need. (*Id.*) He seeks a temporary and/or permanent injunction ordering Defendants to perform an MRI on his left knee, have a knee surgeon or other specialist inspect and examine him and his medical records, and perform any and all treatment recommended by the surgeon, including any surgery and rehabilitation. (*Id.*) In addition, Plaintiff seeks compensatory damages for the injury to his knee, pain, and future medical care. (*Id.*) He also requests punitive damages. (*Id.*)[1]

### B.   Procedural History

Plaintiff filed an Amended Complaint on September 29, 2009. (ECF. No. 10.)

---

[1] To the extent any additional facts are necessary for the Court's resolution of the instant motions, such facts will be set forth below.

Defendants moved to dismiss Plaintiff's Amended Complaint on January 19, 2010. (ECF. No. 26.)  In an Order issued on May 19, 2010 (ECF No. 41), the Court adopted and affirmed a Report and Recommendation issued by Magistrate Judge Watanabe (ECF No. 34) on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 26) and Plaintiff's Motion for Preliminary Injunction.  (ECF No. 4.)  The Court denied Plaintiff's Motion for Preliminary Injunction and granted in part and denied in part the Motion to Dismiss.  Specifically, the Motion to Dismiss was granted "in that the claims against Defendants Hartley, DeCesaro, and John Doe are dismissed with prejudice for lack of personal participation and Plaintiff's Eighth Amendment claim concerning the failure to send him to a specialist and to have an MRI performed is also dismissed with prejudice for failure to state a claim."  (ECF No. 41 at 11.)  In addition, the Motion to Dismiss was denied "with respect to Plaintiff's Eighth Amendment claim that his condition continued and worsened, but Defendants Dr. Creany, Nurse Practitioner Klenke, and Nurse Practitioner Hibbs were deliberately indifferent by refusing to even see or examine him." (*Id*.)  This claim is the only claim remaining in this case.

After the close of discovery, both Defendants and Plaintiff moved for summary judgment.  (ECF Nos. 83 and 86.)  Plaintiff has also moved for leave to amend his complaint (ECF No. 87), for injunctive relief (ECF No. 100), and for reinstatement of counts.  (ECF No. 104.)

On the June 30, 2011, the Magistrate Judge issued his Recommendation that: (1) Defendants' Motion for Summary Judgment on Doc. #10 (ECF No. 83) be granted; (2) Plaintiff's Motion for Summary Judgment (ECF No. 86) be denied; (3) Plaintiff's Motion for Leave to Amend Complaint (ECF No. 87) be denied; (4) Plaintiff's Motion for

Injunctive Relief (ECF No. 100) be denied; and (5) Plaintiff's Motion for Reinstatement of Counts (ECF No. 104) be denied. (ECF No. 134.) Plaintiff filed timely objections to the Recommendation (ECF No. 142), and Defendants have responded to those objections. (ECF No. 148.) After the Recommendations were issued, Plaintiff also filed a Motion to Delay Ruling (ECF No. 151), which is ripe for the Court's review. Finally, Plaintiff filed Objections (ECF No. 164) to Magistrate Judge Watanabe's Orders (ECF Nos. 157 & 160) denying Plaintiff's two Motions to Compel Discovery (ECF Nos. 153 and 158.)

The Court will address each of the Motions in turn below.

## II. MOTIONS FOR SUMMARY JUDGMENT

**A.    Legal Standard**

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient

disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

The analysis to be applied on a motion for summary judgment differs depending on whether the moving party is also the party with the burden of proof at trial. Where the non-movant bears the burden of proof at trial, the non-movant must point to specific evidence establishing a genuine issue of material fact with regard to each challenged element. *In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002); *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002).

Further, in considering the Magistrate Judge's recommendation in the instant case, the Court is also mindful of Plaintiff's *pro se* status, and accordingly, reads his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English. *See*

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

**B.     Analysis**

Both Defendants and Plaintiff have moved for summary judgment. The Magistrate Judge recommends that Defendants' Motion for Summary Judgment be granted and Plaintiff's Motion for Summary Judgment be denied. (Rec. at 21-23.) Plaintiff objects to these Recommendations. (Obj. at 5-12.)

As noted above, the only claim remaining before the Court is Plaintiff's Eighth Amendment claim that his condition continued and worsened, but Defendants Dr. Creany, Nurse Practitioner Klenke, and Nurse Practitioner Hibbs were deliberately indifferent by refusing to even see or examine him. (ECF No. 41 at 11.) In order to state an Eighth Amendment claim, "'a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), *cert. denied*, 549 U.S. 856 (2006). "A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment . . . The test for constitutional liability of prison officials 'involves both an objective and a subjective

component.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).  As the Tenth Circuit has explained:

> to properly set forth an Eighth Amendment claim on which relief may be granted, [the prisoner] must set forth facts demonstrating [1] that his alleged medical need . . . was sufficiently serious to meet the objective element of the deliberate indifference test, and [2] that the Defendants' delay in meeting that need caused him substantial harm. Finally, to meet the subjective element of the deliberate indifference test, [the prisoner] must allege facts supporting an inference [3] that Defendants knew about and disregarded a substantial risk of harm to his health or safety.

*Oxendine v. Kaplan*, 241 F.3d 1272, 1276-77 (10th Cir. 2001) (quotations omitted).  "A medical need is serious if it has been diagnosed by a doctor or is one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (citation and internal quotation omitted).

After a thorough examination of the record, the Magistrate Judge recommends entering summary judgment in favor of Defendants because the record before the Court shows that Plaintiff was examined by Defendants and provided treatment for a variety of ailments, including his injured knee, and no admissible evidence shows that Defendants refused to examine or treat him.  (Rec. at 10.)  The Court agrees.

While Plaintiff's purported knee condition may be sufficiently serious to satisfy the objective inquiry above, the evidence before the Court shows that Plaintiff received examinations, x-rays, and pain medication for his knee complaints and was examined and treated for several other conditions, *i.e.*, sleep apnea, a possible inguinal hernia, left heel pain, and shoulder pain.  (ECF Nos. 83-1 and 108-1 at 16-49.)  There is no evidence that Defendants refused to see or treat Plaintiff for his knee complaints.

7

While Plaintiff may take issue with his diagnoses, such disagreement with the assessments, diagnoses, and treatments provided by medical providers does not give rise to a claim under the Eighth Amendment. *See Fitzgerald v. Corrections Corp. of Am.*, 403 F.3d 1134, 1142 (10th Cir. 2005); *see also Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) ("a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation"); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) ("The decision that a patient's condition requires a specialist is a decision about the patient's course of treatment, and 'negligent diagnosis or treatment of a medical condition do[es] not constitute a medical wrong under the Eighth Amendment."); *Self*, 439 F.3d at 1232 ("[T]he subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment. Matters that traditionally fall within the scope of medical judgment are such decisions as to whether to consult a specialist or undertake additional medical testing."). As such, Plaintiff has failed to show a factual dispute as to the subjective prong of the deliberate indifference inquiry, *i.e.*, whether Defendants knew of and disregarded a substantial risk of harm to Plaintiff's health or safety.

Plaintiff specifically objects to the Magistrate Judge's refusal to credit statements made by Defendants contained in Plaintiff's Motion for Summary Judgment, and supported by his Affidavit. (Obj. at 5-8.)[2] Plaintiff argues that these adverse statements

---

[2] Plaintiff took the depositions of Defendants and Defendants' expert witness, but he did not provide those transcripts to the Court. While Plaintiff requested that Defendants be required to provide those transcripts, the Magistrate Judge denied that request, finding that it is Plaintiff's responsibility to obtain the deposition transcripts in order to support his

8

create a triable issue of fact for a jury. (*Id*.) Plaintiff's Affidavit, however, is not notarized. (ECF No. 86 at 53.) Nor is his Motion for Summary Judgment verified or sworn under penalty of perjury. (*Id*.) Therefore, Plaintiff's Affidavit does not meet the requirements of 28 U.S.C. § 1746, and it is not admissible evidence.[3] On a motion for summary judgment, the Court can consider only admissible evidence. *See Adams v. Am. Guarantee and Liability Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (internal

---

characterization of the testimony. (Rec. at 6-7.) *See Hawkinson v. Montoya*, No. 04-cv-01271-EWN-BNB, 2006 WL 1215397, at *2 (D. Colo. May 4, 2006) (unpublished decision) (a litigant "has no right to obtain documents [including transcripts] through discovery free of charge . . ., his status as an *in forma pauperis* litigant notwithstanding."). Plaintiff has not objected to this ruling.

[3]     28 U.S.C. § 1746 provides:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

> (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
>
> (Signature)".
>
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
> (Signature)".

citation omitted) ("In order to survive summary judgment, the content of the evidence that the nonmoving party points to must be admissible."). Thus, the Magistrate Judge's refusal to consider Plaintiff's Affidavit was not error.

Moreover, even if Plaintiff's Affidavit were admissible, it would still not create a material issue of fact for a jury. Plaintiff states in his Affidavit that he "do[es] **not remember** any physical examination of my knee by any of the Defendants at any time during my incarceration at Fremont Correction Facility. If any physical examination was performed it was extremely perfunctory. The last physical exam of my knee **that I recollect** was done at DRDC in January of 2008." (ECF. No. 86 at 53) (emphasis added). The uncontroverted evidence before the Court, however, *does* show that Plaintiff received numerous physical examinations and treatments from Defendants subsequent to January 2008. (Rec. at 12-17.) Thus, even if the Court were to consider the inadmissible evidence contained in Plaintiff's Affidavit, Defendants would still plainly be entitled to summary judgment.

Plaintiff also points to Defendants' statements about how they might have treated him differently if they had been aware of the full extent of his knee injury. (Obj. at 7-12.) But this evidence does not create a genuine issue of material fact as to whether Defendants refused to see or treat Plaintiff for his knee complaints. Defendants' statements at their depositions sound of medical malpractice and may bolster Plaintiff's contention that he was not satisfied with his course of treatment, but, as stated above, neither medical malpractice nor a disagreement with treatment is a constitutional violation. There is no evidence in the record – admissible or otherwise –

that support Plaintiff's Eighth Amendment claim that Defendants were deliberately indifferent by refusing to see or examine him.

Because there is no trial-worthy issue as to the only claim remaining in this case, Plaintiff's Motion for Summary Judgment is denied and Defendants' Motion for Summary Judgment is granted.

### III. MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff has also filed a Motion for Leave to Amend his Complaint seeking to add new claims and additional facts. (ECF No. 87.) It is undisputed that Plaintiff filed his Motion after the deadline for amending pleadings set forth in the Scheduling Order had passed. The Magistrate Judge, therefore, recommends that Plaintiff's Motion for Leave to Amend his Complaint should be denied as untimely. (Rec. at 26.) Plaintiff has now withdrawn his request to add claims for malpractice and negligence, but nevertheless objects to the Magistrate Judge's Recommendation and asks that he be allowed to file a Supplemental Complaint that contains factual amendments. (Obj. at 13.)

The Court agrees with the Magistrate Judge's recommendation that Plaintiff's Motion for Leave to Amend his Pleadings be denied. In deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it

> focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted). The second step is consideration of whether Plaintiff has satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a): "Rule 15(a) provides that leave to amend 'shall be freely given when justice so requires.' Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id*. at 669 (citation omitted).

The Court agrees with the Magistrate Judge's determination that Plaintiff has not established good cause to extend the deadline within which he may seek leave to amend his complaint. (Rec. at 26-28.) Moreover, Plaintiff's Motion would be futile. On Plaintiff's Motion for Summary Judgment, the Court considered all admissible factual evidence. As stated above, Plaintiff's proposed factual amendments to his Complaint would not entitle him to relief. As such, Plaintiff's Motion to Amend his Complaint, or file a Supplemental Complaint, is denied.

### IV.  MOTION FOR REINSTATEMENT OF COUNTS

Plaintiff moves for reinstatement of counts pursuant to Fed. R. Civ. P. 54(b). (ECF No. 104.) Specifically, Plaintiff seeks reinstatement of his claims against the

three Defendants for failing to send him to a specialist and to have an MRI performed, asserting that Defendants' own discovery has shown that this is not just a disagreement with diagnosis. (*Id.*)

The Magistrate Judge recommends that Plaintiff's Motion for Reinstatement of Counts be denied. (Rec. at 24-24.) Plaintiff objects and argues that his original claims should be reinstated against the other Defendants. (Obj. at 4-5.)

The Court concurs with the Magistrate Judge's recommendation. The Court may reconsider a previous ruling on a dispositive issue "based on the court's inherent power to review its interlocutory orders." *Rezaq v. Nalley*, 07-cv-02483, 2010 WL 965522, at *2 (D. Col. Mar. 15, 2010) (unpublished opinion) (*quoting Ferluga v. Eickhoff*, 236 F.R.D. 546, 549 (D. Kan. 2006)). It is not required that the Court consider such a request according to any particular standard. *See, e.g., Trujillo v. Bd. of Educ. of Albuquerque Public Schools*, 212 Fed. App'x 760, 765-66 (10th Cir. 2007) (discussing standard to be applied when considering motion seeking reconsideration of interlocutory court order and determining that district court had "general discretionary authority" to review order and "was not bound by the stricter standards for considering a Rule 59(e) or Rule 60(b) motion").

For guidance, however, the Court may look to the standard used by the Court to review a motion made pursuant to Federal Rule of Civil Procedure 59(e). *See Sump v. Fingerhut, Inc.*, 208 F.R.D. 324, 327 (D. Kan. 2002) (noting that "courts routinely turn to standards established under Rule 59(e) for instruction in constructing a review standard when considering a possible revision of an interlocutory order"). It is well established in

the Tenth Circuit that grounds for a motion to reconsider pursuant to Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (*citing Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

The record here shows that Plaintiff knew about the CDOC doctor's opinions and recommendations made prior to his re-incarceration in 2008, and Plaintiff could have readily obtained his CDOC medical records through the usual administrative procedure at any time. (Rec. at 1-12.) The actual reports of those doctor's opinions are thus not new evidence which can form the basis of a reinstatement of Plaintiff's claims. *See Servants of Paraclete*, 204 F.3d at 1012. Plaintiff has not alleged a change in the controlling law or that reinstatement of his claims is necessary to prevent a manifest injustice. Accordingly, Plaintiff's Motion for Reinstatement of Counts is denied.

## V. MOTION FOR INJUNCTIVE RELIEF

Plaintiff also moves for injunctive relief, "specifically that he be referred to a qualified physician specializing in orthopedic injuries, and that all tests, exams, or procedures ordered by that physician be followed." (ECF No. 100 at 3.) The Magistrate Judge recommends that Plaintiff's Motion for Injunctive Relief be denied. (Rec. at 28-29.) Plaintiff objects and contends that "[i]njunctive relief is the only way [Plaintiff] will receive care for his injury, and is appropriate in light of the undisputed diagnosis reflected in the medical file." (Obj. at 13.)

The Court agrees that Plaintiff's Motion for Injunctive Relief should be denied. In light of the Courts ruling on the cross motions for summary judgment, Plaintiff's Motion for Injunctive Relief is now moot. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1121 (10th Cir. 2010) (*quoting Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.")). Moreover, in it's May 19, 2010 Order, the Court previously denied Plaintiff's motion for the same injunctive relief. (ECF No. 41.)   Thus, Plaintiff's motion must also be denied due to the law of the case doctrine. *See United States v. Webb*, 98 F.3d 585, 587 (10th Cir. 1996) ("Under the law of the case doctrine, findings made at one point during litigation become the law of the case for subsequent stages of that same litigation.").

Accordingly, Plaintiff's Motion for Injunctive Relief is also denied.

## VI.  MOTIONS TO COMPEL DISCOVERY

Plaintiff has filed two Motions to Compel Discovery from Defendants. (ECF Nos. 153 and 158.) He seeks a Court Order compelling Defendants to comply with Fed. R. Civ. P. 26(e) and to supplement their discovery with his "medical file and the results of Dr. Creany's [recent examination] [which] must be disclosed to [plaintiff], as must any and all documents relating to the denial of Dr. Creany's recommendation." (*Id.*)  On November 4, 2011 and November 16, 2011, respectively, the Magistrate Judge denied both of Plaintiff's Motions. (ECF Nos. 157 and 160.)  Before the Court is Plaintiff's Objection to the Orders, filed on November 25, 2011 (ECF No. 164.)

Because the Magistrate Judge has ruled on the Motions to Compel (rather than simply making a recommendation as to how the Motions should be resolved), a different standard of review applies to the review of such an order. In considering objections to non-dispositive rulings by a Magistrate Judge, such as those at issue here, the Court must adopt the Magistrate Judge's ruling unless it finds that the ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). The clearly erroneous standard "requires that the reviewing court affirm unless [the court] 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (*quoting United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The "contrary to law" standard permits "plenary review as to matters of law," 12 Charles Alan Wright, Arthur R. Miller, Richard L. Cooper, Federal Practice and Procedure § 3069, at 355 (2d ed. 1997), but the Court will set aside a Magistrate Judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly. *See Wyoming v. United States Dep't of Agriculture*, 239 F.Supp.2d 1219, 1236 (D. Wyo. 2002). "Because a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused." *Ariza*, 167 F.R.D. at 133; *see also* Wright *et al.*, *supra*, at 350 (noting that the "contrary to law" standard appears to invite plenary review but noting that "many matters . . . might be better

characterized as suitable for an abuse-of-discretion analysis.").

Plaintiff's Objections to the Magistrate Judge's rulings on his Motions to Compel are overruled. The Magistrate Judge considered the relevant legal authority and ruled that the information sought by Plaintiff was already available to him. (ECF No. 157.) Having reviewed the case law as well as the arguments of the parties, the Court finds that the Magistrate Judge's rulings were neither clearly erroneous nor contrary to law. Moreover, the Court does not see how the evidence sought would be helpful to Plaintiff's only remaining claim in this case. As such, there is no reason for the Court to disturb those rulings.

## VII. MOTION TO DELAY RULING

Plaintiff has also filed a Motion to Delay Ruling on the Magistrate Judge's Recommendations. (ECF No. 151.) Plaintiff contends in his Motion that he is awaiting new medical information that may make his Motion for Injunction Relief moot. (*Id*. at 2.) However, since the Court has now denied Plaintiff's Motion for Injunction Relief, Plaintiff's Motion to Delay Ruling is now itself moot. *See Rio Grande*, 601 F.3d at 1121. As such, Plaintiff's Motion to Delay Ruling on the Magistrate Judge's Recommendations is denied.

## VIII. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.  Plaintiff's Objections to the Magistrate Judge's June 30, 2011 Recommendations (ECF No. 134) are OVERRULED and the Recommendations are ADOPTED in their entirety;

2.  Defendants' Motion for Summary Judgment on Doc. #10 (ECF No. 83) is GRANTED;

3.  Plaintiff's Motion for Summary Judgment (ECF No. 86) is DENIED;

4.  Plaintiff's Motion for Leave to Amend Complaint (ECF No. 87) is DENIED;

5.  Plaintiff's Motion for Injunctive Relief (ECF No. 100) is DENIED;

6.  Plaintiff's Motion for Reinstatement of Counts (ECF No. 104) is DENIED;

7.  Plaintiff's Objections (ECF No. 164) to the Orders of the Magistrate Judge (ECF Nos. 157 and 160) are OVERRULED; and

8.  Plaintiff's Motion to Delay Ruling on Magistrate Judge's Recommendations (ECF No. 151) is DENIED.

Dated this 25th day of January, 2012.

BY THE COURT:

William J. Martinez
United States District Judge